Nicholas Czerewajko *et al.*, Plaintiffs-Appellants, *v.* Ivan Schewtschenko *et al.*, Defendants-Appellees.

(No. 54654;

First District—May 5, 1971.

*Rehearing denied May 26, 1971.*

James C. Kellogg, of Chicago, for appellants.

George F. Archer, of Chicago, for appellees.

Mr. JUSTICE BURMAN delivered the opinion of the court:

Plaintiffs-appellants filed a complaint and later an amended complaint which consisted of six counts and sought an accounting, an injunction, and other relief against named defendants. The plaintiffs alleged in Count I of their verified amended complaint that for about ten years prior to September 10, 1963, they had performed numerous valuable services for the defendants, Ivan Schewtschenko and Alexandria Schewtschenko, his wife (hereafter referred to collectively as "Ivan"). An September 10, 1963, Ivan purchased with his own funds real estate commonly known as

7304 North Harlem Avenue in Chicago, Illinois, and placed title to the real estate in a land trust which named the plaintiffs as joint tenants in the beneficial ownership of an undivided half and named Ivan and his wife as joint tenants in the beneficial ownership of the other undivided half. From the time of purchase until August, 1967, the plaintiffs performed services at the building and aided Ivan who was unversed in the English language, in the management of the property. It was agreed that if Ivan sold the property, the plaintiffs would receive one-half of the net profits in consideration of the services rendered. The plaintiffs executed an assignment of the beneficial interest in the property upon the promise by Ivan that they would receive one-half of the net profits. The property involved was sold in August, 1967. Ivan, however, retained all of the profits. Plaintiffs sought an accounting from Ivan for their share of the net profits.

The plaintiffs alleged alternatively in Count II that Ivan agreed to pay the plaintiffs $5,000.00 in full settlement of all the plaintiffs' claims and rights against them and the real estate. The plaintiffs executed an assignment of their beneficial interest in the real estate and were proffered a $5,000.00 check drawn on Manufacturers National Bank of Chicago and signed by Security Savings and Loan Association (hereafter referred to as Security Savings) through its president and secretary. Plaintiffs requested that the check be certified, but defendant, Julian Kulas, President of Security Savings, stated that he would guarantee payment of the $5,000.00. When the plaintiffs presented the check, Manufacturers National Bank of Chicago refused to pay and stated that payment had been stopped on the check. Plaintiffs sought judgment in the amount of $5,000.00 against Ivan and against defendant Kulas.

The plaintiffs in Count III realleged the matters set forth in Count II and further alleged that Security Savings as drawer of the check warranted (1) that there were funds in the drawee bank payable to its order, and (2) that it would pay the face value of the check on demand. Security Savings stopped payment on the check and is, therefore, wrongfully withholding funds from the plaintiffs. The plaintiffs sought judgment in the amount of $5,000.00 against Security Savings.

Ivan, Kulas, and Security Savings filed a joint answer to all the counts and an amended answer to Count II. As to Count I, Ivan denied that they requested or promised to pay plaintiffs for any valuable services and stated affirmatively that any services were performed gratuitously by plaintiffs or given in exchange for other services performed by them. In the alternative, they stated that any action for recovery on an alleged oral contract for payment of services would be barred by the statute of limitations (Ill. Rev. Stat. 1969, ch. 83, par. 16). They denied that the

plaintiffs had any rightful interest in the property and stated that they did not learn that the plaintiffs were named beneficiaries of the land trust until August, 1967. They denied that they agreed to give plaintiffs one-half of the profits from the sale of the property.

In the amended answer to Count II Ivan denied that plaintiffs were rightfully involved in the potential sale of the property, and they denied the existence of any settlement and agreement with the plaintiffs for any amount. They stated affirmatively that the proffer of the check to the plaintiffs was without valid and lawful consideration and was predicated upon the facts (1) that the plaintiffs had had themselves named as beneficiaries on the trust deed improperly, and (2) that a sale could not be consummated without a clear title. They further stated that the proffer of the check was the result of fraud, collusion, misrepresentation, and economic duress and that the check was withdrawn because the buyer was going to rescind his offer to purchase. Defendant Kulas denied that he had guaranteed the payment of the $5,000.00 check.

As to Count III, Security Savings admitted it stopped payment of the check, but stated that this was done at the specific request of its customer, Ivan Schewtschenko. It denied all other allegations.

Ivan filed a two count counter-claim and affirmative defense. In Count I they alleged that they did not have sufficient command of the English language to conduct commercial transactions. Plaintiff, Nicholas Czerewajko, (hereafter referred to as "Nick") volunteered to assist, advise, and direct them in the purchase of commercial property. Nick was a personal friend and there was never any agreement for remuneration. On September 10, 1963, Ivan purchased the property commonly known as 7304 North Harlem Avenue in Chicago, Illinois. Title to the property was to be in their names. Nick recommended the seller, the attorney who handled the purchase, the savings and loan association which financed the purchase and the accountant who prepared their income tax forms. Ivan paid all of the purchase price, including charges, interest payments, taxes, expenses, and all other monies in payment for the property. They never requested or agreed to have the real estate placed into a land trust with anyone, they were never notified that this was done, and they never received a copy of the land trust. This purchase was their first experience in buying real estate. They signed all documents at the direction of their attorney who didn't speak their native tongue. They were informed by Nick that all of the documents were essential to the closing of the transaction. Since 1963 they have paid all real estate taxes on the property and have taken the appropriate deductions for depreciation and expenses on their income tax forms. They sought the declaration of a re-

sulting trust in their favor in the interest which the plaintiffs held in the property.

Count II of the counter-claim and affirmative defense sought compensation for services rendered by Ivan to the plaintiffs. A reply to the answer and an answer to the counter-claim were filed by the plaintiffs. ■■ It is the plaintiffs' contention that judgment should have been entered on the pleadings in their favor as to Counts I, II, and III. We disagree. A motion for judgment on the pleadings raises the question of whether the pleadings present a triable issue of fact, and if the pleadings put in issue one or more material facts, then judgment on the pleadings should not be granted. (*Swidler v. Litvin*, 107 Ill.App.2d 227, 246 N.E.2d 895.) We have set forth the pleadings at length. With respect to Ivan the pleadings raised a number of material issues of fact. Ivan denied that the plaintiffs had any lawful interest in the property; they denied that they ever agreed with the plaintiffs to share in the profits when and if the property was sold; they denied that they had reached a satisfaction and accord with the plaintiffs. They asserted that any proffer of a check lacked lawful consideration and was procured by fraud, collusion, misrepresentation, and economic duress. The pleadings likewise raised material issues of fact with respect to Kulas and Security Savings. Since the pleadings raised material issues of fact with respect to all the defendants, the motion for judgment on the pleadings was properly denied.

The matter proceeded to trial, and after the trial on the merits the following order was entered on August 18, 1969:

> "This matter having been called to trial, both sides being ready, the court having taken evidence and heard the sworn testimony presented by the Plaintiffs and the Defendants and all parties having rested; the court having jurisdiction of the parties and the subject matter and being fully advised;
> IT IS HEREBY ORDERED that judgment be and is hereby entered in favor of the Defendants IVAN SCHEWTSCHENKO and ALEXANDRA SCHEWTSCHENKO, his wife, JULIAN KULAS and SECURITY SAVINGS AND LOAN ASSOCIATION and against the Plaintiffs, NICHOLAS CZEREWAJKO and ANNA CZEREWAJKO, his wife."

Plaintiffs in various places in their brief refer to evidence and exhibits which were introduced at trial. They note that for four years they held a beneficial interest in the property and that they co-signed a mortgage note on the property in the sum of $60,000.00. They argue that there was an accord and satisfaction in which plaintiffs surrendered something of value and received consideration from a third person, Security Savings.

210

They further argue that the trial court disregarded the rules of pleading and the law of negotiable instruments.

The record, on appeal, does not include a report of proceedings or an agreed statement of facts. In order to properly consider the additional facts and arguments presented by plaintiffs, we must have either a report of proceedings or an agreed statement of facts.

■■ When the record, on appeal, does not include a report of proceedings or an agreed statement of facts, a reviewing court must assume that the trier of fact heard sufficient evidence to support the judgment. (*Cosmopolitan National Bank v. Wheller,* 82 Ill.App.2d 462, 226 N.E.2d 411.) We determined above that the plaintiffs were not entitled to judgment on the pleadings. Since we cannot properly consider other arguments due to the lack of the report of proceedings or an agreed statement of facts, the judgment of the Circuit Court is affirmed.

Judgment affirmed.

ADESKO, P. J., and DIERINGER, J., concur.