MAYWOOD SPORTSERVICE, INC., Plaintiff-Appellant, *v.* MAYWOOD PARK TROTTING ASSOCIATION, INC., Defendant-Appellee.

First District (3rd Division) No. 61635

Opinion filed August 5, 1976.

Robert F. Hanley, Rodney D. Joslin, and Barbara S. Steiner, all of Jenner & Block, of Chicago, for appellant.

Theodore A. Groenke, Gary L. Prior, and Mark R. Miller, all of McDermott, Will & Emery, of Chicago, for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Maywood Sportservice, Inc., brought this declaratory judgment action in the circuit court of Cook County against defendant,

Maywood Park Trotting Association, Inc. Plaintiff sought a declaration that a concession contract between the parties remained in full force and effect. Defendant counterclaimed seeking a declaration that plaintiff had breached the contract, thereby permitting defendant to terminate the contract. Plaintiff sought a preliminary injunction, and defendant filed a motion for judgment on the pleadings. The trial court granted defendant's motion for judgment on the pleadings and plaintiff appeals.

Defendant conducts harness racing meets at Maywood Park and plaintiff is the concessionaire at the track. The concession contract, which runs until December 31, 1986, grants plaintiff exclusive right to provide concession service at Maywood Park so long as it faithfully observes all the provisions and conditions set forth in the agreement. Certain parts of the contract are particularly pertinent in this suit. Paragraph 11 provides that plaintiff "* * * shall obtain at its own cost and expense, all necessary state, county, and federal licenses as shall be required for the operation and maintenance of its business." Paragraph 7 requires plaintiff to provide defendant with services comparable to those rendered at other tracks. In the event that plaintiff fails to fulfill any obligation or cure any default within 15 days of notice, defendant is empowered under paragraph 20 to terminate the contract.

On December 13, 1974, the Illinois Racing Board denied plaintiff a concession license for the 1975 racing season. On December 26 plaintiff filed an action for administrative review, challenging the Racing Board's authority to regulate racetrack concessions and challenging the propriety of its decision. Despite the pending judicial review, defendant, on January 17, 1975, gave written notice to plaintiff that the latter was delinquent with respect to performance of its obligations under the contract in that it had failed to obtain a concession license for the 1975 racing season. The letter recited that if the delinquency was not cured within 15 days, defendant intended to exercise its option to terminate the contract.

On January 27, 1975, plaintiff filed this action seeking a declaration that defendant was not entitled to terminate the concession contract and that plaintiff was entitled to its enforcement pending judicial review of the Racing Board's order. The complaint recited that plaintiff operates the concession services at Maywood Park under a contract with defendant; that the Racing Board's order was currently pending before the circuit court in an administrative review proceeding; and that, in a similar administrative review proceeding, the circuit court of St. Clair County had enjoined the Racing Board from interfering with the business of a concessionaire pending the outcome of administrative. review. The complaint further recited that as a result of the Racing Board's order,

defendant threatened to terminate the concession contract and prayed the court to declare that plaintiff had not violated the agreement and that the contract remained in full force and effect.

Defendant filed an answer and affirmative defenses attacking the sufficiency of the complaint. Defendant also filed a three-count counterclaim. Count I set forth the license requirement of the contract and stated that plaintiff had failed to obtain a concession license; that defendant had served plaintiff with notice of default; and that the delinquency had not been corrected. Count II alleged that, as a result of the Racing Board's order, performance of the contract by plaintiff had become impossible. Count III recited the contract provision requiring plaintiff to provide service comparable to that rendered at other racetracks and claimed that plaintiff, by its misconduct, had breached this provision. Based on these alleged violations, defendant sought a declaration that the contract had been breached and it was entitled to terminate.

Plaintiff requested a preliminary injunction and defendant sought judgment on the pleadings. After hearing arguments, the trial court denied injunctive relief to plaintiff and entered an order granting defendant's motion for judgment on the pleadings. Plaintiff filed a motion for rehearing, arguing that a question of fact existed as to whether a concession license was "necessary * * * to the operation of the business." In a memorandum in support of its motion, plaintiff cited a case in the circuit court of St. Clair County, wherein the court held that the Illinois Racing Board was without authority to license concessionaires. Defendant denied the relevancy of the St. Clair County ruling and informed the court that, during the pendency of these proceedings, the Illinois Liquor Control Commission had revoked plaintiff's liquor license. The trial court denied plaintiff's motion for a rehearing and refused to stay its order pending appeal.

It is plaintiff's contention that the pleadings present genuine issues of fact regarding the alleged breach of contract, and that judgment on the pleadings should not have been entered. Defendant, on the other hand, maintains that three distinct contract violations have been shown and that, as a matter of law, it is entitled to terminate its contract with plaintiff.

A motion for judgment on the pleadings raises the question of whether the pleadings present a triable issue of fact. (*Czerewajko v. Schewtschenko* (1971), 133 Ill. App. 2d 206, 272 N.E.2d 855.) The motion admits all facts well pleaded and all fair inferences to be drawn from the pleadings of the opposing party. (*Department of Mental Health v. Kendall* (1973), 15 Ill. App. 3d 881, 305 N.E.2d 389.) If the pleadings place in issue one or more material facts, then a motion for judgment on the pleadings should not be granted.

■■ Defendant points out that plaintiff did not obtain a liquor license for the 1975 racing season. During the pendency of the present proceedings, the Illinois Liquor Control Commission revoked plaintiff's 1974 liquor license and thereafter denied it a 1975 liquor license. The record indicates, however, that the Liquor Commission voluntarily stayed the effect of its order and the circuit court thereafter stayed the order pending judicial review. As plaintiff is permitted to serve liquor without a license pending review, it maintains that a question of fact exists as to whether a liquor license is necessary to the operation of its business at this time. If plaintiff can fully perform its contractual obligations pursuant to court order, the license which the court order supplants may no longer be necessary to the fulfillment of the contract. At the very least, it was inappropriate to grant judgment on the pleadings while the propriety of the Liquor Control Commission's action was pending.

■■ Similarly, the fact that the Racing Board decided to issue what it designated as a concessionaire license does not of itself mean that such a license was necessary to demonstrate plaintiff's compliance to its contract with defendant. The Racing Board's authority to issue such a license had been challenged by plaintiff, and the precise issue was pending before another judge in the circuit court of Cook County while the present proceedings were pending. (Since the filing of this appeal, the circuit court of Cook County held that the Racing Board did not have the authority to issue a concession license.) Under such circumstances, we believe that the trial court erred in granting judgment to defendant on the pleadings.

■■ Defendant additionally urges that the trial court correctly granted judgment on the pleadings because the facts, as disclosed in the pleadings, establish that plaintiff, as required by the contract, was not rendering services comparable to those rendered at other racetracks. Clearly the standard of service rendered at other racetracks, and the adequacy of the service provided by plaintiff, are questions to be determined by the trier of fact. The pleadings raised material issues of fact as to those questions, and defendant's motion for judgment on the pleadings should have been denied.

For the reasons stated, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings consistent with the holdings of this opinion.

Judgment reversed and remanded.

MEJDA, P. J., and McGLOON, J., concur.