JULIAN BISLUK *et al.*, Plaintiffs-Appellees, *v.* TOWN REALTY, INC., Defendant-Appellant.

First District (3rd Division) No. 80-95

Opinion filed November 26, 1980.

Ronald L. Farkas, of Ginsburg & Farkas, of Chicago, for appellant.

Leon C. Wexler, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs, Julian and Josephine Bisluk, brought this action to enjoin defendant, Town Realty, Inc., from proceeding with the arbitration of a claim for a real estate commission against plaintiffs on the ground that the exclusive listing agreement executed by the parties was void. The trial court granted judgment on the pleadings in favor of plaintiffs, and defendant appeals. The pleadings reveal the following facts.

On March 21, 1979, plaintiffs filed a complaint to stay arbitration alleging that in 1978 the parties signed a listing agreement giving the

defendant broker the exclusive right to sell certain real estate owned by plaintiffs. Plaintiffs charged that the listing agreement was void because it was contrary to statute since it did not contain an automatic expiration date for defendant's service. A copy of the listing agreement, a form provided by the North Side Real Estate Board, was attached to the complaint. The provision in the agreement as to the duration of the exclusive listing read as follows: "I DO HEREBY EMPLOY you as exclusive agent for the minimum period of 150 days * * *." The following language in the agreement had been lined out: "THIS AGREEMENT SHALL REMAIN IN EFFECT FOR THE PERIOD ABOVE SPECIFIED AND THEREAFTER UNTIL TERMINATED BY ME IN WRITING, OR BY YOU, GIVING THE OTHER PARTY 30 DAYS PRIOR NOTICE. THIS AGREEMENT SHALL TERMINATE AUTOMATICALLY WITHOUT REQUIREMENT OF NOTICE SIX (6) MONTHS AFTER DATE HEREOF." The complaint further alleged that the arbitrator had refused to dismiss defendant's arbitration demand despite plaintiffs' request, and that unless the court stayed the pending arbitration plaintiffs would be irreparably harmed.

After the trial court granted plaintiffs' request for a temporary restraining order, plaintiffs filed an amended complaint adding a count II in which they sought a permanent injunction restraining arbitration. Count II stated that the arbitrator had refused plaintiffs' request to delay the proceedings until the trial court could act on their motion for a restraining order, but instead, while plaintiffs' counsel was before the trial court, the arbitrator took testimony and ruled in defendant's favor.

Defendant filed an amended answer which stated that at the time defendant's salesman prepared the listing agreement it contained the language now deleted. The answer further recited that before signing the agreement, plaintiffs wanted their attorney to look at it, and that when plaintiffs returned to defendant's office the language had been deleted, at which time both sides signed the agreement. The answer further stated that the parties had a conversation and it was the intent of the parties that the listing would terminate automatically in 150 days, and that the failure to delete the word "minimum" was a mistake on the part of both parties or at most, created an ambiguity. The answer also stated that plaintiffs through their original attorney agreed to participate in the arbitration since they requested a continuance of the arbitration hearing and did not object to a list of proposed arbitrators. After considering the pleadings and a memorandum of law submitted by defendant, and hearing arguments of counsel, the trial court entered judgment on the pleadings in favor of plaintiffs.

Defendant contends that the allowance of judgment on the pleadings was inappropriate since defendant's amended answer raised material

issues of fact. Defendant also maintains that plaintiffs are precluded from urging that the arbitration agreement was void because they participated in the arbitration proceedings before making such an objection.

Plaintiffs' motion for judgment on the pleadings admits the truth of all facts well pleaded by defendant in its answer, as well as all fair inferences therefrom. (*Maywood Sportservice, Inc. v. Maywood Park Trotting Association, Inc.* (1976), 40 Ill. App. 3d 1028, 353 N.E.2d 295.) Nevertheless, in construing a contract, the determinative factor is to effect the intentions of the parties. (See *Adkisson v. Ozment* (1977), 55 Ill. App. 3d 108, 370 N.E.2d 594.) Where the terms of the contract are plain and unambiguous, the intent of the parties must be ascertained solely from the words employed therein. *La Throp v. Bell Federal Savings & Loan Association* (1977), 68 Ill. 2d 375, 370 N.E.2d 188.

Section 19 of the Real Estate Brokers and Salesmen License Act provides as follows:

> "No registrant shall obtain any written listing contract which does not provide for automatic expiration within a definite period of time. No notice of termination at the final expiration thereof shall be required. Any listing contract not containing a provision for automatic expiration shall be void." (Ill. Rev. Stat. 1977, ch. 111, par. 5737.)

Both sides agree that the Act is remedial, and a statute which is intended to promote the public welfare will be liberally construed. (*May v. Pollution Control Board* (1976), 35 Ill. App. 3d 930, 342 N.E.2d 784.) The Act is not a penal measure, to be strictly construed against the State, but a broad statutory system, interpretation of which must regard the State's interest in protecting the public. (*Ranquist v. Stackler* (1977), 55 Ill. App. 3d 545, 370 N.E.2d 1198, *cert. denied sub nom. Ranquist v. Director of Department of Registration and Education* (1978), 439 U.S. 926, 58 L. Ed. 2d 318, 99 S. Ct. 309.) This court recently held that a listing contract was void because it contained no expiration date for the broker's services. (*Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.* (1980), 87 Ill. App. 3d 480, 408 N.E.2d 1069.) The court stated at page 484: "Section 19 of the Act was obviously designed to prevent an owner's land from stagnating indefinitely in one broker's hands on the market."

■■■ The holding and the reasoning in *Edens View* are applicable to the present case. In clear and unambiguous language, the present listing agreement gives the defendant broker an exclusive listing for a minimum period of 150 days. The agreement contains no expiration date, but rather provides defendant with an exclusive listing for some indefinite period of time. The purpose of the Act is to prevent what has occurred under this agreement: that sellers would be bound to a contract with no termination date provided. Since the terms of the agreement are plain and unambig-

uous, the intent of the parties must be ascertained solely from the words employed therein. It is of no significance that plaintiffs' attorney may have prepared the contract. The Act mandates that a broker cannot accept a listing agreement which does not provide a specific termination date. The Act also provides that a listing agreement without an expiration date is void. The present listing agreement is void, and the trial court correctly so held. Since the words of the agreement do not require evidence of extrinsic facts and circumstances to determine the parties' intent, we also reject defendant's argument that the word "minimum" be deleted as surplusage or that the matter be remanded for a taking of parol evidence to determine the true intent.

██ We find no merit in defendant's contention that plaintiffs have waived their right to object to the arbitration since they had requested a continuance and appeared generally before the arbitrator. A timely objection to arbitrability preserves the right to challenge the award even after participation in the arbitration proceedings. *Board of Education v. Champaign Education Association* (1973), 15 Ill. App. 3d 335, 304 N.E.2d 138.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McGILLICUDDY, P. J., and RIZZI, J., concur.