GRAYWAY REAL ESTATE CORPORATION, Plaintiff-Appellant and Counterdefendant, v. CLYDE DICKEY *et al.*, Defendants-Appellees and Counterplaintiffs.

First District (3rd Division)   No. 87—914

Opinion filed December 28, 1988.

McCraken & Walsh, of Chicago (Thomas G. Moffitt, of counsel), for appellant.

Michael D. Gerstein, of Chicago, for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Grayway Real Estate Corporation, brought an action to collect a broker's commission from the sale of a condominium unit owned by defendants, Clyde and Elizabeth Dickey. The trial court entered summary judgment in favor of defendants on the ground that the exclusive listing agreement entered into between the parties is void. We affirm.

On April 18, 1985, plaintiff and defendants entered into an exclusive listing agreement for the sale of defendants' home, a condominium unit in Chicago, Illinois. The agreement provided as follows:

"Term and Termination

The term of this Agreement (Term) shall commence on the date of execution hereof and shall continue for 90 days thereafter. After the expiration of said period, the Term shall continue in effect, unless and until terminated by either party with at least ten days prior written notice to the other, provided, however, that, notwithstanding the foregoing, this Agreement shall terminate one year from the date of execution."

The agreement also provided that (1) plaintiff was to act as the sole and exclusive agent for the sale of the property and (2) if at any time during the term of the contract or within six months thereafter the property was sold to someone who was shown the property by plaintiff, then plaintiff was entitled to the commission on the sale.

Plaintiff showed the property to several people, including John O'Shea. O'Shea, the ultimate buyer of the property, was shown the property in June 1985. Although the listing price was $285,000, O'Shea indicated that he and his wife were only willing to spend $240,000 to $250,000. Plaintiff told O'Shea, "I don't think you're going to get it for that. You're wasting my time and your time." Consequently, no negotiations were conducted and no bid was submitted.

On August 22, 1985, defendants wrote to plaintiff and terminated the listing agreement. In early December 1985, O'Shea was shown the property by defendants' new broker, Sudler Marling, Inc. O'Shea purchased the property for $247,500 on or about December 13, 1985, and Sudler Marling, Inc., received a commission on the sale. Plaintiff maintained that it was entitled to the commission. When defendants refused plaintiff's demand, plaintiff filed this lawsuit.

Defendants filed an affirmative defense contending that the exclusive listing agreement was void because it violated the Real Estate License Act of 1983 (the Act) (Ill. Rev. Stat. 1985, ch. 111, par. 5819),

and the Illinois Department of Registration and Education Rules for the Administration of the Real Estate License Act of 1983, §450.70(b) (Rules). Defendants contended that the exclusive listing agreement violated the Act and the Rules because it provided that the term of the listing agreement was to be extended automatically rather than terminating automatically. Summary judgment was entered in favor of defendants. This appeal followed.

Plaintiff argues that the term of the listing agreement involved in this case is one year and that the term automatically expires at that time. Plaintiff also argues that there is no clause in the agreement automatically extending the period beyond one year. However, in holding that the agreement is void, the trial court concluded that the term of the listing agreement was actually 90 days and that under the agreement the term of the listing agreement was to be automatically extended. We agree with the trial court.

■ Section 19 of the Act provides:

"No licensee shall obtain any written listing contract which does not provide for automatic expiration within a definite period of time. No notice of termination at the final expiration thereof shall be required. Any listing contract not containing a provision for automatic expiration shall be void." (Ill. Rev. Stat. 1985, ch. 111, par. 5819.)

In addition, under the Rules all listing agreements must clearly set forth the duration of the contract, and brokers cannot obtain listing agreements that contain a clause automatically extending the listing period. See Rules, §450.70(b).

■ ■ The intent of the Act and the Rules is to prevent the marketability of an owner's property from stagnating on the market indefinitely in one broker's hands. (See *Edens View Realty & Investment, Inc. v. Heritage Enterprises, Inc.* (1980), 87 Ill. App. 3d 480, 408 N.E.2d 1069; *Bisluk v. Town Realty, Inc.* (1980), 90 Ill. App. 3d 1039, 414 N.E.2d 151.) Moreover, the Act and the Rules promote the public weal and are to be construed liberally in favor of effectuating their intention to protect property owners who wish to sell their property. Plaintiff's interpretation of the listing agreement in this case would allow brokers to circumvent the intent of the Act and the Rules by merely adding a proviso to a listing agreement that the agreement shall terminate after an extended period of time even though the actual term of the listing period is extended automatically in violation of the Act and the Rules.

■ Under the circumstances, we conclude that the term of the listing period in the agreement in this case was 90 days and that term

of the listing period was to be automatically renewed at the end of the 90-day period. The agreement is therefore void because it violates the Act and the Rules. The trial court properly entered summary judgment in favor of defendants.

Accordingly, the summary judgment is affirmed.

Affirmed.

McNAMARA and FREEMAN, JJ., concur.