**GULF INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Ronald TILLEY, Carol Jo Tilley, Marcella Smith (a minor), Patricia A. Smith, Defendants-Appellees.**

**No. 16419.**

United States Court of Appeals Seventh Circuit.

March 5, 1968.

**120**

---

Milford M. Miller, Jr., Fort Wayne, Ind., Hugh E. Reynolds, Jr., Indianapolis, Ind., for appellant.

Carl G. Winter, Indianapolis, Ind., William S. Glickfield, Marion, Ind., for appellee.

Before SCHNACKENBERG, KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

Plaintiff insurer, a Texas corporation, filed a diversity action seeking a declaratory judgment that the homeowner's policy it issued to Mr. and Mrs. Ronald Tilley, Indiana citizens, did not apply to a certain accident. On October 9, 1964, Mrs. Patricia Smith Wood employed Mrs. Tilley to be a baby-sitter for her two and one-half year old daughter, Marcella Smith. Mrs. Wood left her child at the Tilley residence about 8:00 a. m. Two hours later, Mrs. Tilley decided to prepare breakfast for herself and a guest. Mrs. Tilley plugged an electric percolator into a wall outlet and placed it on a 4-foot high counter between the eating area and the kitchen of her home. Marcella Smith was sitting at a child's table on the kitchen side of the counter and, while Mrs. Tilley was making pancakes, pulled the percolator cord, causing the hot coffee to spill and burn the child severely. Subsequently Marcella Smith filed a $71,900 damage suit against Mr. and Mrs. Tilley in the Circuit Court of Grant County, Indiana, where it is apparently still pending.

The insurance policy excluded coverage for any business pursuits of the insured "except * * * activities * * * which are ordinarily incident to non-business pursuits * * *." In a well-reasoned opinion, the District Court assumed that Mrs. Tilley's baby-sitting for compensation was a business pursuit within the policy exclusion. However, the Court held that the preparation of hot coffee was "incident to non-business pursuits" within the exception to the exclusion, observing that otherwise the excepting clause would be meaningless. On the basis of the District Court's opinion (280 F.Supp. 60), we agree that there was no exclusion from coverage under this policy.

The judgment is therefore affirmed.

SCHNACKENBERG, Circuit Judge (concurring).

In the last full paragraph of the above opinion, it seems to me that the district court's reasoning would be more clearly set forth by noting that that court held that, giving meaning both to the exclusion and the exception, the preparation of hot coffee was incident to non-business pursuits and thus within the exception, viz., "business pursuit", excluded by the policy.