No. 12605

IN THE SUPREME COURT OF THE STATE OF MONTANA

1974

---

RELIANCE INSURANCE COMPANY,

                Plaintiff and Appellant,

-vs-

VIRGIL FISHER, RICHARD O. POEPPEL,

                Defendants and Respondents,

and

HORACE MANN INSURANCE COMPANY,

                Defendant and Appellant.

---

Appeal from:  District Court of the Eleventh Judicial District,
            Honorable Robert Keller, Judge presiding.

Counsel of Record:

    For Appellants:

        Warden, Walterskirchen & Christiansen, Kalispell,
         Montana
        Merritt N. Warden argued, Kalispell, Montana
        Garlington, Lohn and Robinson, Missoula, Montana
        Lawrence F. Daly argued, Missoula, Montana

    For Respondents:

        Murphy, Robinson, Heckathorn & Phillips, Kalispell,
         Montana
        Robert L. Fletcher argued, Kalispell, Montana
        McGarvey, Morrison, Hedman & Moore, Whitefish, Montana

---

                Submitted:  March 21, 1974

                Decided: APR 2 3 1974

Filed: APR 2 3 1974

_Thomas J. Kearney_
                    Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

This is a declaratory judgment action involving a teacher's professional liability insurance policy and a second insurance policy issued to the same defendant, Virgil Fisher, denominated "a Farmer's Comprehensive Personal Liability Hazard Policy".

This district court, sitting without a jury, refused to enter a declaratory judgment releasing the two insurance companies from the duty to defend the insured in a suit for personal damages in Flathead County cause No. 23116. From this order, both insurers appeal.

An action was filed in the district court of Flathead County by Richard O. Poeppel against Virgil Fisher, seeking damages allegedly resulting from an altercation between the parties on April 20, 1972, in the Central School in Whitefish, Montana.

Poeppel, a school teacher, alleged that he had been attacked by Fisher, also a teacher, and struck by him. The incident arose during regular school hours. Poeppel had physically ejected one of his students from his classroom into the hallway. Fisher observed the actions of Poeppel and the student, and reported them to the assistant principal. Fisher then returned to the vicinity of Poeppel and the disciplined student at which time the altercation occurred during which Fisher struck Poeppel.

Fisher tendered the defense of that action to appellant Reliance Insurance Company which had issued a policy denominated "a Farmer's Comprehensive Personal Liability Hazard Policy" to Fisher, which policy was in effect at the time of the altercation. Although Reliance caused an initial appearance to be made on behalf of Fisher in that action in order to prevent a default, it declined to accept either the duty to defend or responsibility for any judgment which might be obtained against Fisher in that action. A stipulation was entered into staying further proceedings

- 2 -

in that action until the matter of such insurance coverage could be resolved.

On August 28, 1972, Reliance commenced this action for a declaratory judgment in the district court of Flathead County, naming as defendants its insured, Virgil Fisher; Richard O. Poeppel; and Horace Mann Insurance Company, a company that had issued a policy providing professional liability insurance coverage for teachers of the Whitefish school system.

The action sought a judgment declaring, among other things, that Reliance had no obligation under its policy to defend the Poeppel action or to pay any damages that might be awarded therein.

Through answers filed by Horace Mann it was admitted that on April 20, 1972, there was in effect between said insurance company and the Montana Education Association (MEA) a policy of liability insurance denominated as an "Educator's Professional Liability Policy." As members of the MEA, both Fisher and Poeppel were insured parties under the Horace Mann policy. As a defense to its alleged duty to defend, Horace Mann contends that its insurance contract is expressly inapplicable by reason of special exclusions contained in said policy.

The case was argued orally before the district court on May 22, 1973. Subsequently written briefs were filed and the district court issued its order refusing "to render or enter a Declaratory Judgment or Decree for the reason that such a Judgment or Decree would not terminate the uncertainty or controversy giving rise to the proceedings."

From this order and denial of a motion for new trial or order to amend judgment, both insurers appeal.

The single controlling issue upon appeal is whether the insurers, Reliance and Horace Mann, are under an obligation to

defend Fisher in the lawsuit filed against him by Poeppel or required to indemnify Fisher for any losses sustained as a result of the Poeppel lawsuit.

The gist of respondent Fisher's argument is that his actions giving rise to the altercation and subsequent lawsuit come within the Reliance policy coverage as "activities therein which are ordinarily incident to non-business pursuits." Fisher also argues that his action stems from an apparent need to defend himself.

The district court's reasons for refusing to determine the obligations of Horace Mann with regard to said Cause No. 23116 are set forth in a memo following that court's order denying a motion for new trial, or in the alternative, for the court to amend its order of July 5, 1973. Said memo reads in part:

> "Defendant Horace Mann puts the most reliance upon exclusion j, 'to liability and respective claims brought by teachers or other employees of a school system against the insured, * * *'. Defendant Horace Mann intends (sic) that if the claimant were a teacher at the time of the occurrence giving rise to the claim, irrespective of the conduct of the teacher at that time, this policy does not apply. This exclusionary clause, given literal interpretation, would exclude any claimants who were teachers or school employees of any school system at any time, and that simply cannot be the intent of the policy. Thus in determining what the intent of this policy is, it is incomprehensible that the mere lable (sic) of 'teacher' is sufficient to cause this policy not to apply. Thus, if the conduct of the claimant 'teacher' so far exceeds the scope of his professional employment so as to be totally unrelated to his occupation, how can it be contemplated that this type of conduct would be excluded from the policy?"

The thrust of both insurers' positions in the instant case is that their duty to defend is limited to claims against the insured within the coverage of the policy. Reliance argues that its policy issued to Fisher is denominated a "Farm Owner's Policy" on its face and cover sheet and said policy primarily covers farming operations.

Fisher owned and operated a farm, but also was a school teacher in Whitefish. Reliance contends that by reason of certain exclusions enumerated in the policy it is not liable for Fisher's actions while engaged in business pursuit outside of farming--namely, that of teaching.

The Reliance insuring agreement, section II, contains the following pertinent provisions:

"1. Coverage G--Farmers Comprehensive Personal Liability: (a) Liability: To pay on behalf of the insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage and the Company shall defend any suit against the Insured alleging such bodily injury or property damage and seeking damages which are payable under the terms of this policy, even if any of the allegations of the suit are groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient. * * *

"2. Coverage H--Personal Medical Payments: To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, to or for each person who sustains bodily injury caused by accident,

"(a) while on the premises with the permission of an Insured, or

"(b) while elsewhere if such bodily injury, (1) arises out of the premises or a condition in the ways immediately adjoining, (2) is caused by the activities of an Insured or of any farm or residence employee in the course of his employment by an Insured, (3) is sustained by an insured farm employee or by a residence employee and arises out of and in the course of his employment by an Insured, or (4) is caused by an animal owned by or in the care of an Insured." (Emphasis added.)

The "Special Exclusions" section of the policy specifically provides:

"Section II of this Policy does not apply:

"(a) (1) to any business pursuits of an Insured, except under Coverages G and H, activities therein which are ordinarily incident to non-business pursuits, (2) to the rendering of any professional service or the omission thereof, or (3) to any act

- 5 -

or omission in connection with premises, other than as defined, which are owned, rented or controlled by an Insured; but this subdivision (3) does not apply with respect to bodily injury to a residence employee or an insured farm employee if such bodily injury arises out of and in the course of employment by the Insured of such residence employee or insured farm employee;

" * * *

"(c) under Coverages G and H, to bodily injury or property damage caused intentionally by or at the direction of the Insured * * *." (Emphasis added.)

Throughout the policy repeated references are made to "farm dwellings," "farm premises," farming operations and other activities in connection with the insured's operation of a farm. Under the heading of "General Conditions" are certain definitions including a definition of the word "premises" which clearly limits that term to the farm grounds and buildings of the insured, and the term "business" which is defined as including:

"Trade, profession, or occupation other than farming, and roadside stands maintained principally for the sale of insured's produce."

The actions of Fisher referred to in the action brought against him by Poeppel were admittedly performed by him while he was engaged in his profession as a school teacher, and were directly related to the performance of his duties as a school teacher.

The actions which constitute the basis of the Poeppel suit as set forth in the complaint come within section II (a)(1) of that part of the policy dealing with special exclusions. Fisher's actions come under this specific exclusion since following his profession as a school teacher was a "business pursuit" completely separated from any farming activities.

This Court in a similar case, McAlear v. St. Paul Ins. Cos., 158 Mont. 452, 493 P.2d 331, held that ordinarily a liability

- 6 -

insurance company has no duty to defend an action brought by a third party against the insured when the claim or complaint does not fall within the coverage of the liability policy. If the insurer would have no obligation to indemnify the insured should the complainant recover, then there is no contractual obligation to afford a defense. See also Couch on Insurance 2d, § 51:38 et seq.; 7A Appleman Insurance Law and Practice, § 4682 et seq.; 49 ALR 2d 703. (For a discussion of an insurer's duty to defend a wilful injury see 2 ALR 3d 1238 and 7A Appleman '74 Bd. Supp. § 4683.)

We hold that under the provisions of the policy there was no coverage for the acts complained of in the Poeppel action and that Reliance is entitled to the relief prayed for in the declaratory judgment action.

With respect to the "Educator's Professional Liability Policy", Horace Mann contends that the policy does not provide coverage for the damages claimed by Poeppel unless it can be established that those damages were (1) unintentionally caused by Fisher (2) acting as a teacher, (3) within his professional capacity, (4) to Poeppel, not acting as a teacher. If any one of these items cannot be established, it argues, coverage fails. Horace Mann contends that not one but several of these requisites are absent from the instant case, and that therefore it is not obligated to defend Fisher or to pay any claims against him by Poeppel.

The Horace Mann policy contains exclusion "j" which provides:

"This policy does not apply:

"j. To liability in respect of claims brought by teachers or other employees of a school system against the assured, as defined by the policy * * *."

As previously mentioned, all parties stipulated that both

- 7 -

Poeppel and Fisher were teachers working at the Whitefish School within school hours at the time of the incident while the claimant was disciplining a student from his class.

The district court ignored the stipulation that both were teachers, and hypothesized that the facts might show that the actions of Poeppel "so far exceed(ed) the scope of his professional employment" as to make him neither a teacher nor an employee of the school system for purposes of coverage under the policy.

We disagree. The altercation was clearly connected with and related to school activities.

Section 13-704, R.C.M. 1947, provides that the clear and explicit language of a contract must govern its interpretation. Section 13-707, R.C.M. 1947, states that every part of a contract is to be given effect, using each clause to help interpret the others. Finally, section 13-710, R.C.M. 1947, provides:

> "The words of a contract are to be understood
> in their ordinary and popular sense, rather than
> according to their strict legal meaning, unless
> used by the parties in a technical sense, or
> unless a special meaning is given to them by
> usage, in which case the latter must be followed."

The clear explicit language of exclusion "j" excludes " * * * claims brought by teachers or other employees of a school system against the assured * * *". Applying sections 13-704, 13-707 and 13-710, R.C.M. 1947, the suit of Poeppel is clearly not covered.

As previously discussed in reference to the Reliance policy, it is the law of this state that the duty of a liability insurer to defend the insured is governed by the allegations of the third party's complaint against the insured. McAlear v. St. Paul Ins. Cos., 158 Mont. 452, 493 P.2d 331. In this case, paragraph I of Poeppel's complaint against Fisher alleges that at

- 8 -

the time of the incident both Poeppel and Fisher were employed by School District No. 44 in Whitefish. Exclusion "j" of the Horace Mann policy excludes coverage for claims brought by "teachers or other employees of a school system" and therefore the McAlear rule requires a finding that Horace Mann has no obligation to defend in this matter.

For these reasons the cause is remanded to the district court for entry of judgment releasing both insurance companies from any duty to defend or to pay any damages that might be awarded in Cause No. 23116.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices