GRINNELL MUTUAL REINSURANCE COMPANY, a Corporation, Plaintiff-Appellant, v. ANNETTE FRIERDICH et al., Defendants-Appellees.

Fifth District   No. 78-553

Opinion filed December 27, 1979.

Cornelius Thomas Ducey, Jr., of Ducey & Feder, Ltd., of Belleville, for appellant.

Alan E. Stumpf, of Zimmer & Frierdich, of Columbia, for appellee Annette Frierdich.

Terry L. Peebles, of Cahokia, for appellees James Griffith and Shirley Griffith.

Mme JUSTICE SPOMER delivered the opinion of the court:

Grinnell Mutual Reinsurance Company filed this declaratory judgment action in the Circuit Court of St. Clair County seeking a determination of its rights and liabilities under a comprehensive personal liability insurance policy. Grinnell's insureds, James and Shirley Griffith, were sued for personal injuries sustained by Annette Frierdich. Grinnell sought a declaratory judgment that it had no duty to defend the Griffiths because of an exclusionary clause in the insurance policy which provided that it did not cover injury "caused intentionally by or at the direction of the insured." After both plaintiff and defendants had moved for summary judgment, the circuit court held that questions of fact as to the nature of the Griffiths' conduct should be resolved by a jury in the personal injury suit, and therefore dismissed the declaratory judgment action without prejudice to its refiling after Frierdich's action against the Griffiths was concluded.

On appeal, the insurance company urges that the record below conclusively showed that the bodily injuries sustained by Frierdich were intentionally caused by the Griffiths, and therefore the trial court should have entered judgment in the company's favor. The appellees contend that the complaint in the personal injury action alleged facts within the coverage of the policy, establishing the duty of the company to defend, and that a ruling in the declaratory judgment action on the nature of the defendants' conduct would deprive the parties of their right to have the ultimate facts in issue determined by a jury.

The insurance policy in question required Grinnell to defend any suit for personal injuries brought against its insureds, even if the allegations of the suit were groundless, false or fraudulent. Two counts of Frierdich's complaint alleged intentional acts constituting battery upon her by both of the Griffiths. Two other counts alleged that those same acts were done "willfully, wantonly and maliciously." The company's position, both here and in the court below, is that the allegations of the complaint, taken together with certain deposition testimony attached to its motion for a summary judgment, conclusively show that Frierdich's action alleges injuries "caused intentionally" by the Griffiths, and therefore is not within the coverage of the policy.

The underlying lawsuit grew out of an argument and fight between

Frierdich and the Griffiths. Frierdich's complaint alleged that Shirley Griffith intentionally assaulted her and intentionally did the following acts:

"(a) Ripped off all of the Plaintiff's clothing from the upper half of her body;

(b) Forced the Plaintiff to the ground;

(c) Pulled hair from the Plaintiff's head;

(d) Scratched the Plaintiff;

(e) Punched the Plaintiff in various portions of her body; and

(f) Other acts of physical and forceful violence to Plaintiff."

The complaint further alleged that James Griffith intentionally kicked Frierdich in the head. Each of these same acts by both Shirley and James Griffith were alleged in other counts to have been done "willfully, wantonly and maliciously."

In her deposition, Frierdich testified that the Griffiths' acts were intentional. In Shirley Griffith's deposition, she testified that she became angry after Frierdich called her husband names, and that she grabbed Frierdich's blouse, whereupon the two of them fell to the ground; she hit Frierdich only when Frierdich would not let go of her hair.

Although we think that it is clear that Frierdich's complaint alleges intentional acts, that does not necessarily mean that the Griffiths intentionally injured her, nor does the complaint allege a specific intent to injure. As the court said in *Cowan v. Insurance Company of North America* (1974), 22 Ill. App. 3d 883, 318 N.E.2d 315, 323, in construing a virtually identical exclusionary clause in an insurance policy:

"Under the contract of insurance, coverage does not extend to 'any act committed by or at the direction of the insured with intent to cause injury or damage to person or property.' The language of the exclusion has been held to be ambiguous, and accordingly, it must be construed against the insurer. [Citations.] Consequently, the construction generally placed upon the language is that injury or damage is 'caused intentionally' within the meaning of the exclusionary clause, if the insured has acted with the specific intent to cause harm to a third party. [Citations.] Under this construction, it has been held that neither willful, wanton, or reckless misconduct amounts to a specific intent to cause injury. [Citations.] Therefore, before defendant can claim that it is absolved from liability, it must be demonstrated that Cowan specifically intended to injure Graw."

Other cases make it clear that there is a distinction in this context between an intentional act and an intentionally caused injury. (See, *e.g., Smith v. Moran* (1965), 61 Ill. App. 2d 157, 209 N.E.2d 18.) The courts of this and other States have uniformly held that coverage under an

exclusionary clause identical to or similar to the one before us is afforded where the injury was the unintended result of an intentional act. See, *e.g., Farmers Automobile Insurance Association v. Medina* (1975), 29 Ill. App. 3d 224, 329 N.E.2d 430, and cases cited therein; *cf. Marsh v. Metropolitan Life Insurance Co.* (1979), 70 Ill. App. 3d 790, 388 N.E.2d 1121.

■■ We think that this case is governed by the principles spelled out by the supreme court in *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24. In that case, Peppers fired a shotgun at a fleeing person who he thought was a burglar, injuring him. The injured person filed a multicount complaint, alleging, variously, assault, negligence, and willful and wanton misconduct. The supreme court held that where a complaint charges both conduct for which a policy affords coverage and conduct for which it does not, the insurance company has a duty to defend:

> "In determining whether the insurer owes a duty to the insured to defend an action brought against him, it is the general rule that the allegations of the complaint determine the duty. If the complaint alleges facts within the coverage of the policy, or potentially within the coverage of the policy the duty to defend has been established. [Citations.]
>
> This duty to defend extends to cases where the complaint alleges several causes of action or theories of recovery against an insured, one of which is within the coverage of a policy while the others may not be. [Citations.]" 64 Ill. 2d 187, 193, 355 N.E.2d 24, 28.

Grinnell would have us rely on the case of *Badger Mutual Insurance Co. v. Murry* (1977), 54 Ill. App. 3d 459, 370 N.E.2d 295, where the court found, after examining the allegations of the complaint in question, that a similar exclusionary clause was effective and that the insurer had no duty to defend. That case is distinguishable from the instant one, however, because in *Badger* the complaint alleged an intent to injure, and there was no allegation of willful and wanton misconduct.

Grinnell further argues that the court below erred in dismissing its complaint for declaratory judgment, instead of declaring the rights of the parties, citing *M. F. A. Mutual Insurance Co. v. Cheek* (1975), 34 Ill. App. 3d 209, 340 N.E.2d 331. Again, however, we find the resolution of the instant case to be governed by the subsequent supreme court opinion in *Maryland Casualty Co. v. Peppers.* In that case, the supreme court held that a finding by the trial court that Peppers had intentionally caused the injury to his victim was an abuse of judicial discretion because of the interrelation of the issues involved in the litigation between the injured party and Peppers and between Peppers and the insurance company. The supreme court said:

> "Under the principle of collateral estoppel the finding in the

declaratory judgment action that the injury was intentionally inflicted could possibly establish the allegations of the assault count in the complaint and might preclude [the injured party's] right to recover under the other theories alleged. [Citations.] In a case quite similar to ours the appellate court held that the ruling and judgment of the trial court in a declaratory judgment action under such circumstances were 'premature' and should be reversed. (*Allstate Insurance Co. v. Gleason*, 50 Ill. App. 2d 207.) We agree with that holding. The finding of the trial court in our case that the injury was intentional was not proper in this declaratory judgment action. This issue was one of ultimate facts upon which recovery is predicated in the [injured party's] personal injury action against Peppers, which had been filed considerably before the declaratory judgment action had been instituted. [Citations.]" 64 Ill. 2d 187, 197, 355 N.E.2d 24, 30.

■■ We conclude that the trial court was correct in holding that Grinnell had a duty to provide a defense for the Griffiths in the suit brought by Frierdich, and that the insurance company would not be barred from subsequently raising the defense of noncoverage in a suit on the policy. We call the attention of the parties to the comments of the supreme court with regard to the conflict-of-interest and ethical questions raised in such a situation in the *Peppers* case. 64 Ill. 2d 187, 197, 355 N.E.2d 24, 30-31.

For the foregoing reasons, the judgment of the Circuit Court of St. Clair County is affirmed.

Affirmed.

JONES, P. J., and KASSERMAN, J., concur.