STATE FARM FIRE & CASUALTY COMPANY, Plaintiff-Appellee, *v.*
ARTHUR R. MOORE *et al.*, Defendants-Appellants.

Second District   No. 81-296

Opinion filed December 28, 1981.

James M. Wilson, of Ingemunson and Wilson, of Yorkville, and John P. Duggan, of Puckett, Barnett, Larson, Mickey, Wilson and Ochsenschlager, and Darrell Jordan, of Edwards, Parker and Jordan, both of Aurora, for appellants.

John P. Callahan, of Geneva, for appellee.

JUSTICE LINDBERG delivered the opinion of the court:

This action was brought by State Farm Fire and Casualty Company in the Circuit Court of Kane County seeking a declaration that a homeowner's policy of insurance did not extend coverage to an accident suffered by minor Marcus Hott at the home of Arthur and Rebecca Moore. The trial court rendered summary judgment in favor of the insurer and against its insured and the injured child.

On April 8, 1978, Marcus Hott, a minor, was injured while under the care of defendant, Rebecca Moore, pursuant to an agreement with Marcus' parents. Under the terms of this agreement, Moore, who had two children of her own, was paid $25 per week to care for Marcus five days a week, eight hours a day. Marcus was burned when he pulled a pan of boiling water on himself, based upon an agreed statement of facts, while Moore was fixing lunch for herself, one of her children, Marcus and another child.

At the time of the injury, Moore had a homeowner's insurance policy from plaintiff, State Farm Fire & Casualty Company. The policy insured against personal injuries of third parties that Moore was liable for, but provided:

"This policy does not apply * * * (d) to bodily injury or property

damage arising out of business pursuits of any insured except activities therein which are ordinarily incident to nonbusiness pursuits."

State Farm filed a declaratory judgment action asserting that the exclusionary clause precluded coverage for Marcus' injuries. Moore's motion for summary judgment was denied; State Farm's cross-motion for summary judgment was granted.

### EXCEPTION TO THE EXCLUSIONARY CLAUSE

Moore's care of Marcus is a business pursuit. Moore does not dispute this point. Moore was licensed by the Illinois Department of Children and Family Services as a child-care facility. She watched the same two children every day, and she was paid $25 per week for each child. She advertised her services. The policy defines a business as a trade, profession, or occupation and the use of residence premises for such purposes. A business pursuit is a continuous or regular activity, done for the purpose of earning a profit. (*American Family Mutual Insurance Co. v. Bentley* (1976), 170 Ind. App. 321, 352 N.E.2d 860; Annot., 48 A.L.R.3d 1096, 1099 (1973).) This is true even of part-time or supplemental income activities. (*Krings v. Safeco Insurance Co.* (1981), 6 Kan. App. 2d 391, 628 P.2d 1071.) Babysitting conducted in the home for compensation on a continuous basis, as opposed to the temporary or casual arrangement, is a business pursuit. (Annot., 48 A.L.R.3d 1096, 1099 (1973); *Peterson v. Highlands Insurance Co.* (Fla. App. 1976), 328 So. 2d 49; *Stanley v. American Fire & Casualty Co.* (Ala. 1978), 361 So. 2d 1030; *Gulf Insurance Co. v. Tilley* (N.D. Ind. 1967), 280 F. Supp. 60, *aff'd* (7th Cir. 1968), 393 F.2d 119.) Babysitting for pin-money by one who is not licensed, does not advertise, and is not always compensated is not a business. *Nationwide Mutual Fire Insurance Co. v. Collins* (1975), 136 Ga. App. 671, 222 S.E.2d 828.

■■ The primary issue is whether, despite the business pursuit, the injury resulted from an activity ordinarily incident to nonbusiness pursuits. If so, this accident is covered under the exception to the exclusion. The accident occurred when Marcus pulled a pan of boiling water onto himself. At the time, Moore was boiling water for soup, tea, eggs and jello to be used for lunch for herself, her own child and the two children for whom she babysat. The soup and tea were for Moore and the children, the eggs and jello were for the children. She would have prepared lunch for herself and her child even if Marcus had not been there. Any leftovers would have been used by the Moore family. As part of her babysitting duties and included in her compensation, she provided lunch every day. Generally, she did not provide other meals. Marcus did not require any special diet.

While Moore watched Marcus, she simultaneously cared for her own children.

Activities ordinarily incident to non-business pursuits are activities not related to or associated with the insured's business pursuits. (Annot., 48 A.L.R.3d 1096, 1099, 1107 (1973); *North River Insurance Co. v. Poos* (Mo. App. 1977), 553 S.W.2d 500.) Activities resulting from babysitting frequently fall within this exception. (Annot., 48 A.L.R.3d 1096, 1099-1100 (1973).) As maintenance of home heating for the insured's family is an activity ordinarily incident to nonbusiness pursuits, the exception applies where a child is injured from touching a furnace grill in the insured's home. (*Nationwide Mutual Fire Insurance Company v. Collins* (1975), 136 Ga. App. 671, 222 S.E.2d 828.) In *Crane v. State Farm Fire & Casualty Co.* (1971), 5 Cal. 3d 112, 485 P.2d 1129, 95 Cal. Rptr. 513, a child for whom the insured was babysitting was burned in the insured's home while the insured was preparing lunch for herself, her children and the injured child. The way the injury occurred was not shown, but the exception applied, as the insured's activities were incident to her nonbusiness regimen of maintaining a household and supervising her own children. (5 Cal. 3d 112, 117, 485 P.2d 1129, 1131, 95 Cal. Rptr. 513, 515.) In the *Crane* court's opinion, the exception would apply even if the injury occurred due to the insured's negligent supervision of the child. (5 Cal. 3d 112, 116, 485 P.2d 1129, 1131, 95 Cal. Rptr. 513, 515.) Injury to a child who pulled a pot of hot coffee onto herself was covered by the policy where the coffee was intended for the insured and an adult guest, as the preparation of coffee is an activity not ordinarily associated with a babysitter's functions. (*Gulf Insurance Co. v. Tilley* (N.D. Ind. 1967), 280 F. Supp. 60, aff'd (7th Cir. 1968), 393 F.2d 119.) In *Country Mutual Insurance Co. v. Watson* (1971), 1 Ill. App. 3d 667, 274 N.E.2d 136, the insured cared for children temporarily placed in his home by the Illinois Department of Children and Family Services. One child was injured while assisting the insured in feeding his cattle. The exception applied, as the feeding of cattle was ordinarily incident to the insured's nonbusiness pursuit of farming. 1 Ill. App. 3d 667, 669, 274 N.E.2d 136, 138.

In other cases, injuries arising out of the insured's babysitting are excluded from coverage. The exception does not apply to a child drowned in the insured's pool while the insured was feeding her baby, as feeding and caring for children is associated with the insured's babysitting. (*Peterson v. Highlands Insurance Co.* (Fla. App. 1976), 328 So. 2d 49, 50.) Injuries to a child resulting from falling into the insured's fireplace while the insured prepared lunch are not covered. (*Stanley v. American Fire & Casualty Co.* (Ala. 1978), 361 So. 2d 1030.) Similarly, injuries of a child scalded while being bathed by the insured babysitter are not

covered as the activity is not ordinarily incident to nonbusiness pursuits. See *American Family Insurance Co. v. Dewald* (8th Cir. 1979), 597 F.2d 1148.

To determine if a specific activity falls within the exception, the courts look to several factors. If an activity is not done for the purpose of expediting the insured's business or in the course of the insured's business duties, such as a prank on business property or while at work, it is within the exception. (See *State Farm Fire & Casualty Co. v. MacDonald* (1967), 87 Ill. App. 2d 15, 230 N.E.2d 513.) The fact that the injury occurred on business premises is not conclusive; the exception applies where the activity is not incident to a business purpose. (*Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 387 N.E.2d 700; *Michigan Mutual Liability Co. v. Ferguson* (1968), 15 Mich. App. 298, 166 N.W.2d 525 (exception applied to the insured's negligence in throwing a shovel handle off the roof of his business).) Some courts apply the exclusion to all the insured's activities while at work. (*Maryland Casualty Co. v. Farmers Alliance Mutual Insurance Co.* (Okla. App. 1977), 566 P.2d 168 (damage from explosion caused by the insured lighting a cigarette at a job site was excluded).) However, only injuries arising from activities in the course of the insured's business duties should be excluded. (69 Ill. App. 3d 777, 387 N.E.2d 700; see *Reliance Insurance Co. v. Fisher* (1974), 164 Mont. 278, 521 P.2d 193 (no coverage for a teacher who hit another teacher at school, in a fight arising from the insured teacher's disciplining of a student).) Where the insured has a dual purpose, one business and one nonbusiness, the exception may not apply. (*State Farm Fire & Casualty Co. v. Stinnett* (1979), 71 Ill. App. 3d 217, 389 N.E.2d 668.) The appropriate inquiry is not whether the insured was engaged in a business pursuit at the time of the accident, but whether the particular activity was nevertheless one ordinarily incident to nonbusiness pursuits. (*New Jersey Property Liability Guaranty Association v. Brown* (1980), 174 N.J. Super. 629, 417 A.2d 117.) The policy covers acts, which by their nature, are not associated with the insured's business pursuits, but which are causally related to the business activities. *Gulf Insurance Co. v. Tilley* (N.D. Ind. 1967), 280 F. Supp. 60, *aff'd* (7th Cir. 1968), 393 F.2d 119.

■■ A test of "but for the business relationship, the child would not be present in the insured's home," is not appropriate. (280 F. Supp. 60, 65.) Instead, the court must examine the particular activity which proximately caused the injury and determine if that activity is one ordinarily associated with a babysitter's function. (280 F. Supp. 60, 65.) *Crane v. State Farm Fire & Casualty Co.* (1971), 5 Cal. 3d 112, 485 P.2d 1129, 95 Cal. Rptr. 513, views almost any injury due to a babysitter's negligent supervision of a child as potentially within the exception. However, the

better view is to examine the activity itself. Child care for compensation is not ordinarily incident to the conduct of a household, and contemplates the exercise of due care to protect the child from household activities and conditions. (*Stanley v. American Fire & Casualty Co.* (Ala. 1978), 361 So. 2d 1030.) Injuries resulting from failure to properly supervise a child the insured is paid to care for therefore are not covered by the policy. 361 So. 2d 1030.

■■ Thus we must consider what activity caused Marcus' injury. *Stanley* held that a child's injury from falling in the fireplace while the insured was preparing lunch was due to the insured's negligent supervision of the child, not the insured's activity in preparing lunch. (361 So. 2d 1030, 1033.) Marcus was burned by a pan of hot water which the insured was using to prepare lunch for herself, her child, and the two children for whom she sat. She would have prepared lunch regardless of Marcus' presence. The babysitting agreement included lunch for Marcus. Marcus apparently was injured as the result of Moore's activity in preparing lunch. Generally, preparation of lunch is ordinarily incident to a nonbusiness pursuit. (361 So. 2d 1030, 1033.) As the lunch was for Moore and her child as well as the children for whom she sat, her activity falls within the exception. By contrast if she had been preparing lunch only for Marcus, her activity would be, more likely, a business pursuit.

## The Exclusionary Clause: Ambiguous?

■■ In interpreting an insurance policy, the court's primary concern is to effectuate the intent of the parties as expressed by the contract. (*State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601; *Willett Truck Leasing Co. v. Liberty Mutual Insurance Co.* (1980), 88 Ill. App. 3d 133, 410 N.E.2d 376.) Any ambiguity in an insurance policy is construed against the insurer and in favor of the insured, as the insurer drafted the policy. (*Kirk v. Financial Security Life Insurance Co.* (1978), 75 Ill. 2d 367, 389 N.E.2d 144; *Zipf v. Allstate Insurance Co.* (1977), 54 Ill. App. 3d 103, 369 N.E.2d 252.) Courts will not create an ambiguity where none exists. (*State Farm Mutual Automobile Insurance Co. v. Berke* (1970), 123 Ill. App. 2d 455, 258 N.E.2d 838.) Where the terms of a policy are clear and unambiguous, its plain and obvious import will be given effect. (54 Ill. App. 3d 103, 106, 369 N.E.2d 252, 255.) Ambiguous provisions in which an insurer seeks to limit its liability are construed most strongly against the insurer and in favor of the insured. (*Squire v. Economy Fire & Casualty Co.* (1977), 69 Ill. 2d 167, 370 N.E.2d 1044; *State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 1063, 419 N.E.2d 601, 602.) Where an insurer attempts to limit liability, the insurer must show that the claim falls within

the exclusion, as the insured's intent was to obtain coverage. (94 Ill. App. 3d 1062, 1064, 419 N.E.2d 601, 602.) Further, the insurer, as the drafter of the policy, could have stated exclusions clearly and specifically. (*Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 387 N.E.2d 700.) Exclusionary provisions, therefore, are applied only where the terms are clear, definite and explicit. 94 Ill. App. 3d 1062, 1064, 419 N.E.2d 601, 602.

■■ A provision is ambiguous if it is subject to more than one reasonable interpretation. (94 Ill. App. 3d 1062, 1064, 419 N.E.2d 601, 603; *State Security Insurance Co. v. Linton* (1978), 67 Ill. App. 3d 480, 384 N.E.2d 718.) In determining if an ambiguity exists, the court should consider the subject matter of the contract, the facts surrounding its execution, the situation of the parties, and the predominate purpose of the contract which is to indemnify the insured. *Dora Township v. Indiana Insurance Co.* (1980), 78 Ill. 2d 376, 400 N.E.2d 921; *Great Central Insurance Co. v. Bennett* (1976), 40 Ill. App. 3d 165, 351 N.E.2d 582.

The policy here excluded coverage for injuries arising out of business pursuits of any insured except activities therein which are ordinarily incident to nonbusiness pursuits. Some courts have found this clause unambiguous in the context of injuries incurred by a child for whom the insured is babysitting. (*Stanley v. American Fire & Casualty Co.* (Ala. 1978), 361 So. 2d 1030; *Peterson v. Highlands Insurance Company* (Fla. App. 1976), 328 So. 2d 49; *Crane v. State Farm Fire & Casualty Co.* (1971), 5 Cal. 3d 112, 485 P.2d 1129, 95 Cal. Rptr. 513.) Other courts view it as ambiguous in the babysitting context. (*Gulf Insurance Co. v. Tilley* (N.D. Ind. 1967), 280 F. Supp. 60, *aff'd* (7th Cir. 1968), 393 F.2d 119.) This court has found the language of this clause unclear and ambiguous in the context of an on-the-job prank. (*State Farm Fire & Casualty Co. v. MacDonald* (1967), 87 Ill. App. 2d 15, 230 N.E.2d 513.) In particular, the exception to the exclusion obscures the clause's meaning. (87 Ill. App. 2d 15, 19, 230 N.E.2d 513, 515.) Other Illinois courts have found this clause unclear and ambiguous in a variety of contexts. *Aetna Insurance Co. v. Janson* (1978), 60 Ill. App. 3d 957, 377 N.E.2d 296 (insured's son started a fire at the insured's work place); *Economy Fire & Casualty Co. v. Second National Bank* (1980), 91 Ill. App. 3d 406, 414 N.E.2d 765 (insured started a fire in his office by lighting a match for an unknown purpose); *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 387 N.E.2d 700 (insured's employee was killed in an automobile accident after consuming alcohol at the business premises and at insured's home).

■■ The exclusionary clause reasonably implies that the nature of the activity determines coverage and that only peculiarly business activities are excluded. (69 Ill. App. 3d 777, 788, 387 N.E.2d 700, 708.) Under the terms of the clause, the particular facts of this case could reasonably be

interpreted to be covered or excluded. Because of this ambiguity, doubt is resolved in favor of coverage for the Moores.

### PROPRIETY OF SUMMARY JUDGMENT FOR STATE FARM

■■ State Farm filed for a declaratory judgment. A court may construe a written contract, such as an insurance policy, and make a binding declaration of the parties' rights. (Ill. Rev. Stat. 1979, ch. 110, par. 57.1.) If an insurer obtains a declaration of rights under a policy against its insured, the judgment is binding under principles of collateral estoppel as to facts determined by the judgment. (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335.) If the injured party sues the insured and the insurer seeks a declaratory judgment concerning coverage, the court in the declaratory judgment action cannot determine the ultimate question of the insured's liability of the facts upon which such liability is based. (74 Ill. 2d 132, 157, 384 N.E.2d 335, 346; *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24.) In this case, no claim is pending between Marcus' family and the Moores. Declaratory judgment is appropriate here if we can determine the issue of coverage without determining any facts or issues concerning Moore's liability to Marcus. (See *Willett Truck Leasing Co. v. Liberty Mutual Insurance Co.* (1980), 88 Ill. App. 3d 133, 410 N.E.2d 376; *Grinnell Mutual Reinsurance Co. v. Frierdich* (1979), 79 Ill. App. 3d 1146, 399 N.E.2d 252.) That is possible on the facts presented on this appeal. However, at trial, State Farm alleged that the injury occurred when Moore, as part of her babysitting duties, was bathing Marcus in extremely hot water. The trial court's order made no specific findings. On appeal, State Farm accepts Moore's version of the facts. The facts in Moore's affidavit must be taken as true, as they are not contradicted by any counteraffidavits. *Leon v. Max E. Miller & Sons, Inc.* (1974), 23 Ill. App. 3d 694, 320 N.E.2d 256.

■■ Summary judgment is appropriate only where there is no genuine issue of material fact. (Ill. Rev. Stat. 1979, ch. 110, par. 57; *State Farm Mutual Automobile Insurance Co. v. Schmitt* (1981), 94 Ill. App. 3d 1062, 419 N.E.2d 601.) If a disputed factual issue existed, summary judgment should not have been entered. (*Lane v. Bauscher* (1978), 59 Ill. App. 3d 621, 375 N.E.2d 993; *Cowan v. Insurance Company of North America* (1974), 22 Ill. App. 3d 883, 318 N.E.2d 315.) Otherwise, summary judgment can be granted. 94 Ill. App. 3d 1062, 419 N.E.2d 601.

Although Moore was engaged in a business pursuit at the time of the accident, Marcus' injury resulted from Moore's activities in preparing lunch for herself and her own child as well as the two children she watched for compensation. Therefore, her activity was one ordinarily incident to nonbusiness pursuits, and within the exception to the exclu-

sion. As the policy's exclusionary clause is ambiguous, it should be construed against the insurer and in favor of the insured. We, therefore, reverse the judgment of the circuit court of Kane County and remand the case for entry of summary judgment for Moore and against State Farm.

Reverse and remand.

NASH, J., concurs.

JUSTICE REINHARD, dissenting:

The majority opinion correctly cites several Illinois decisions which specifically found that the language in an insurance policy which provides that this policy does not apply to bodily injury or property damage arising out of business pursuits of an insured except activities therein which are ordinarily incident to nonbusiness pursuits is unclear and ambiguous. (See *Economy Fire & Casualty Co. v. Second National Bank* (1980), 91 Ill. App. 3d 406, 414 N.E.2d 765; *Reis v. Aetna Casualty & Surety Co.* (1978), 69 Ill. App. 3d 777, 387 N.E.2d 700; *Aetna Insurance Co. v. Janson* (1978), 60 Ill. App. 3d 957, 377 N.E.2d 296; *State Farm Fire & Casualty Co. v. MacDonald* (1967), 87 Ill. App. 2d 15, 230 N.E.2d 513.) However, the ambiguity in the exclusionary clause which in those cases was construed in favor of the insured was under the particular factual circumstances of each case. If, however, the evidence of the case is insufficient to establish that the business pursuit was an activity "ordinarily incident to nonbusiness pursuits," then the exclusion has been held applicable. (*State Farm Fire & Casualty Co. v. Stinnett* (1979), 71 Ill. App. 3d 217, 219, 389 N.E.2d 668.) The majority points out that Marcus was injured as the result of Moore's activity in preparing lunch which is "ordinarily incident to a non-business pursuit." However, I would conclude that preparing food for Marcus and watching him are the very purposes of the business pursuit of babysitting on the premises. The fact that preparing food for lunch is also ordinarily incident to a nonbusiness pursuit does not, in my opinion, under these circumstances transform an activity which here is essentially business related into one ordinarily incident to nonbusiness pursuits. (See *State Farm Fire & Casualty Co. v. Stinnett* (1979), 71 Ill. App. 3d 217, 219, 389 N.E.2d 668.) I agree that the exclusionary provision is poorly worded, but applied to these facts I do not find it so ambiguous to override the clear business activity involved. See *Stanley v. American Fire & Casualty Co.* (Ala. 1978), 361 So. 2d 1030.