No. 5-95-0810

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              FIFTH DISTRICT

_________________________________________________________________

STATE FARM FIRE AND CASUALTY        )  Appeal from the

COMPANY,                            )  Circuit Court of

                                    )  Madison County.

     Plaintiff-Appellant,           )

                                    )

v.                                  )  No. 93-MR-374

                                    )

GREGORY LEE MARTIN, SR.,            )

SCOTT LEWIS, as Special             )

Administrator of the Estate of      )

Timmie Lee Lewis, Deceased, and     )

ETHELYN J. GORHAM, Executrix of     )

the Estate of Gary Porter,          ) 

Deceased,                           )  Honorable

                                    )  David Herndon,

     Defendants-Appellees.          )  Judge, presiding.

_________________________________________________________________

     JUSTICE KUEHN delivered the opinion of the court:

     Plaintiff, State Farm Fire and Casualty Company (State Farm),

filed a declaratory judgment action seeking a determination of

whether it owed its insured, Gregory Lee Martin, Sr. (Martin), a

defense and indemnification in two underlying wrongful death suits. 

These suits were based upon Martin's involvement in an arson which

resulted in the death of two firemen.  State Farm appeals from

trial court orders finding that it had a duty to defend and to

indemnify Martin.  We affirm.

     This case originated with an arrangement between Martin and

Delaney Gordon, Sr. (Gordon), to destroy a building.  Martin owned

the designated building.  The building was located in Alton,

Illinois.  Gordon was one of Martin's tenants, and in exchange for

his participation, Martin offered him a reduced rental rate.

     On October 24, 1992, at approximately 2 a.m., Gordon ignited

the fire by leaving an unattended candle in a hamper in the

basement.  An accelerant was used.  By the time the fire was

reported and firemen responded, the building was in flames.  As the

fire intensified, the building's second floor collapsed onto some

of the firemen.  Firemen Timmie Lee Lewis and Gary Porter perished. 

     Martin and Gordon were indicted by a federal grand jury for

damaging by fire a building used in interstate commerce, directly

causing a death, in violation of section 844(i) of the Anti-Arson

Act of 1982.  18 U.S.C. §844(i) (1988).

     Defendants Scott Lewis (Lewis) and Ethelyn J. Gorham (Gorham)

were appointed executors of the estates of Timmie Lee Lewis and

Gary Porter, respectively.  Lewis filed a wrongful death suit

against Martin and Gordon on or about June 7, 1993.  Gorham filed

her suit on or about July 7, 1993.  Both suits alleged that Martin

negligently started the fire with the knowledge that firemen would

respond.  

     State Farm insured Martin's building.  Martin tendered both

wrongful death suits to State Farm.  State Farm denied coverage and

refused to defend Martin.  Martin did not answer the suits.  

     State Farm filed the declaratory judgment action on August 20,

1993, alleging that the underlying actions did not constitute an

occurrence as defined in the policy and that Martin's actions

triggered two coverage exclusions.  Defendants Lewis and Gorham

sought to stay the declaratory judgment action until the federal

criminal cases then pending against Martin and Gordon were

resolved.  State Farm opposed the stay.  The trial court entered an

order on February 24, 1994, staying the declaratory judgment

action.  The order further stated that any party could move to lift

the stay upon resolution of the criminal cases.  The wrongful death

suits were not stayed.

     On September 23, 1994, Martin was found guilty on the

indictment and in December 1994 was sentenced to 50 years'

imprisonment.  

     During the summer of 1995, Gorham and Lewis defaulted Martin

on the wrongful death suits.  On August 8, 1995, the trial court

entered judgment on the negligence counts of Gorham's wrongful

death suit against Martin in the amount of $10 million.  On

September 5, 1995, the trial court entered judgment on Lewis's suit

against Martin in the amount of $9 million.  Sometime in late

September 1995, after default judgments were taken in both suits,

State Farm offered Martin a defense.

     The record contains no order lifting the stay imposed upon the

declaratory judgment action following the criminal case's conclu-

sion.  However, on April 18, 1995, approximately seven months after

Martin's conviction, State Farm filed a summary judgment motion in

the declaratory judgment action seeking a determination that it had

no duty to defend and indemnify Martin in the underlying suits.  On

August 30, 1995, the trial court found that coverage existed, and

the court denied State Farm's motion for summary judgment.  

     Gorham filed her motion for summary judgment on September 20,

1995.  On September 29, 1995, State Farm filed a motion to

reconsider the order denying its summary judgment motion.  On

October 4, 1995, the trial court granted Gorham's motion for

summary judgment and denied State Farm's motion to reconsider.  The

record does not reflect that Lewis filed a motion for summary

judgment, but the October 4, 1995, order stated that he did.  The

order granted Lewis's summary judgment motion.  The trial court

determined that coverage existed and that State Farm had a duty to

both defend and indemnify Martin.  State Farm appeals both orders.

     State Farm first maintains that it had no duty to defend

Martin in the wrongful death suits because the underlying com-

plaints alleged no facts within the scope of potential coverage. 

We disagree.

     Summary judgment should only be granted when the pleadings,

depositions, admissions, and affidavits on file show that there is

no genuine issue of material fact.  Myers v. Health Specialists,

S.C., 225 Ill. App. 3d 68, 72, 587 N.E.2d 494, 497 (1992), appeal

denied, 145 Ill. 2d 635, 596 N.E.2d 630 (1992).  On appeal, courts

review summary judgment orders de novo.  Myers, 225 Ill. App. 3d at

72, 587 N.E.2d at 497.

     When an insurer questions whether an insured's claim possibly

falls within the scope of coverage, the insurer essentially has two

options.  The insurer must either (1) secure a declaratory judgment

as to its rights and obligations before or pending trial or (2)

defend the insured under a reservation of rights.  Shelter Mutual

Insurance Co. v. Bailey, 160 Ill. App. 3d 146, 151-52, 513 N.E.2d

490, 494 (1987); Trovillion v. United States Fidelity & Guaranty

Co., 130 Ill. App. 3d 694, 700, 474 N.E.2d 953, 958 (1985); Reis v.

Aetna Casualty & Surety Co. of Illinois, 69 Ill. App. 3d 777, 782,

387 N.E.2d 700, 704 (1978); Thornton v. Paul, 51 Ill. App. 3d 337,

340-41, 366 N.E.2d 1048, 1051 (1977), aff'd in part & rev'd in

part, 74 Ill. 2d 132, 384 N.E.2d 335 (1978).  An insurer can always

refuse to defend the claim and choose to forego seeking a declara-

tory judgment, but the insurer is taking a risk that a court will

later determine that it breached its duty to defend.  Maneikis v.

St. Paul Insurance Co. of Illinois, 655 F.2d 818, 821 (7th Cir.

1981).

     An insurer's duty to defend is broader than its duty to

indemnify.  La Rotunda v. Royal Globe Insurance Co., 87 Ill. App.

3d 446, 451, 408 N.E.2d 928, 933 (1980).  The duty to defend is

determined solely from the allegations of the complaint.  Thornton

v. Paul, 74 Ill. 2d 132, 144, 384 N.E.2d 335, 339 (1978).  If facts

alleged in the complaint are within or potentially within policy

coverage, the insurer must defend the claim even if the allegations

are legally groundless, false, or fraudulent.  Thornton, 74 Ill. 2d

at 144, 384 N.E.2d at 339 (citing Maryland Casualty Co. v. Peppers,

64 Ill. 2d 187, 355 N.E.2d 24 (1976), and 7A J. Appleman, Insurance

Law & Practice §4683 (Supp. 1974)).  

     A "potentially covered" claim exists "whenever the allegations

in a complaint state a cause of action that gives rise to the

possibility of a recovery under the policy."  Western Casualty &

Surety Co. v. Adams County, 179 Ill. App. 3d 752, 756, 534 N.E.2d

1066, 1068 (1989) (citing Tews Funeral Home, Inc. v. Ohio Casualty

Insurance Co., 832 F.2d 1037, 1042 (7th Cir. 1987), citing 7C J.

Appleman, Insurance Law & Practice §4683.01, at 67 (1979)).  The

language of the complaint does not need to affirmatively bring the

claim within coverage under the policy, because the coverage issue

should not "hinge exclusively on the draftsmanship skills or whims

of the plaintiff in the underlying action."  Western Casualty &

Surety Co., 179 Ill. App. 3d at 756, 534 N.E.2d at 1068 (citing

International Minerals & Chemical Corp. v. Liberty Mutual Insurance

Co., 168 Ill. App. 3d 361, 377, 522 N.E.2d 758, 768 (1988), appeal

denied, 122 Ill. 2d 576, 530 N.E.2d 246 (1988)).

     The threshold that the complaint must satisfy in order to

present a potential coverage claim is low.  La Rotunda, 87 Ill.

App. 3d at 451, 408 N.E.2d at 933.  The complaint must be liberally

construed with all doubts resolved in the insured's favor.  La

Rotunda, 87 Ill. App. 3d at 451, 408 N.E.2d at 933.  The insurer

can "safely and justifiably refuse to defend only when the

allegations of the complaint clearly show that the claim is beyond

the policy coverage."  Reis, 69 Ill. App. 3d at 784, 387 N.E.2d at

706.  If the complaint alleges multiple theories, only one of which

is potentially covered, the insurer still has a duty to defend. 

United States Fidelity & Guaranty Co. v. Wilkin Insulation Co., 144

Ill. 2d 64, 73, 578 N.E.2d 926, 930 (1991) (citing Maryland

Casualty Co. v. Peppers, 64 Ill. 2d 187, 194, 355 N.E.2d 24, 28

(1976)).

     If an insurer wrongfully refuses to defend its insured, the

insurer is estopped from alleging that the insured lacked coverage

under the policy or that coverage was excluded by policy defenses. 

La Rotunda, 87 Ill. App. 3d at 452, 408 N.E.2d at 934 (citing Elas

v. State Farm Mutual Automobile Insurance Co., 39 Ill. App. 3d 944,

947, 352 N.E.2d 60, 62 (1976)).

     In keeping with these tenets, we turn to State Farm's

insurance policy and the allegations of the underlying complaints. 

     In its policy, State Farm agrees to provide business liability

coverage for claims made or suits brought against its insured for

damages because of bodily injury caused by an occurrence arising

from the ownership, maintenance, or use of the insured premises. 

The policy definition of "bodily injury" includes death resulting

from bodily harm, sickness, or disease.  Occurrence is defined as

"an accident, including exposure to conditions, which results in: 

(a) bodily injury *** during the policy period."  Bodily injuries

"expected or intended by an insured" and/or "the result of willful

and malicious acts of an insured" are excluded from coverage.    

     State Farm does not dispute that it issued a liability policy

to Martin covering the date of incident.  State Farm does not

contend that Martin provided it no opportunity to defend the

wrongful death suits.  Therefore, the only question is whether the

underlying complaints alleged facts potentially covered.  A

comparison of the two complaints and the policy language does not

clearly illustrate a lack of coverage.  Martin's complaint alleged

that Martin knew or should have known that firemen would respond to

the fire and could be injured, and that Martin was guilty of one or

more of several negligent acts or omissions related to the fire and

the firemen's response.  Gorham's complaint made virtually the same

allegations.  

     State Farm argues that while the complaints sound in negli-

gence, Martin's involvement in the arson does not qualify as an

accident.  As previously stated, completely false allegations

against the insured do not obviate potential coverage.  Further-

more, this court has defined "an accident" as one in which the

injury was not "expected or intended from the standpoint of the

insured."  State Farm Fire & Casualty Co. v. Watters, 268 Ill. App.

3d 501, 506, 644 N.E.2d 492, 496 (1994), appeal denied, 161 Ill. 2d

540, 649 N.E.2d 425 (1995).  Martin and Gordon acknowledged that

their intent was to destroy a building.  They contend that the

firemen's deaths were an unexpected event.  While their participa-

tion in the crime resulting in death was obviously criminal, it

does not clearly follow that Martin expected or intended the

deaths.  See Taylor v. John Hancock Mutual Life Insurance Co., 11

Ill. 2d 227, 142 N.E.2d 5 (1957) (holding that the arson-related

death of an arson coconspirator was not intended and was therefore

an "accident" within the meaning of an accident insurance policy). 

     Moreover, except in situations involving sexual abuse and

assault and battery where intent to injure is inferred, coverage is

not excluded unless Martin acted with a specific intent to cause

personal injury with conscious knowledge that the deaths were

practically certain to occur.  Scudder v. Hanover Insurance Co.,

201 Ill. App. 3d 921, 927, 559 N.E.2d 559, 562 (1990); Grinnell

Mutual Reinsurance Co. v. Frierdich, 79 Ill. App. 3d 1146, 1148,

399 N.E.2d 252, 254 (1979); Bay State Insurance Co. v. Wilson, 96

Ill. 2d 487, 493-94, 451 N.E.2d 880, 882-83 (1983).  The negligence

counts of the complaints in issue do not allege a specific intent

to injure the firemen.

     The allegations of the wrongful death complaints were

therefore not clearly outside potential coverage.  State Farm

breached its duty to defend Martin.  Consequently, State Farm is

estopped from asserting the "expected or intended" and "willful and

malicious acts" exclusionary defenses.  Thornton, 74 Ill. 2d at

145, 384 N.E.2d at 340.

     State Farm also contends that insurance coverage for the

arson-related activities is against public policy and thus void. 

State Farm cites no Illinois authority for this contention.  The

four cases State Farm cites as authority are from other states. 

All four cases are distinguishable in that none involve an arson-

related death.  State Farm Fire & Casualty Co. v. Hackendorn, 605

A.2d 3 (Del. 1991) (assault with a gun); Altena v. United Fire &

Casualty Co., 422 N.W.2d 485 (Iowa 1988) (sexual abuse); Perreault

v. Maine Bonding & Casualty Co., 568 A.2d 1100 (Me. 1990) (sexual

abuse); Atlantic Employers Insurance Co. v. Tots & Toddlers Pre-

School Day Care Center, Inc., 239 N.J. Super. 276, 571 A.2d 300

(1990), cert. denied, 122 N.J. 147, 584 A.2d 218 (1990) (sexual

abuse).  

     Illinois public policy clearly prevents Martin from recovering

policy proceeds related to an arson in which he was involved. 

University of Illinois v. Continental Casualty Co., 234 Ill. App.

3d 340, 359, 599 N.E.2d 1338, 1351 (1992), appeal denied, 147 Ill.

2d 637, 606 N.E.2d 1235 (1992); Checkley v. Illinois Central R.R.

Co., 257 Ill. 491, 496-97, 100 N.E. 942, 944 (1913).  However, our

supreme court has held that interpreting an insurance contract to

provide coverage for an intent-based act violates no established

public policy of this State.  Dixon Distributing Co. v. Hanover

Insurance Co., 161 Ill. 2d 433, 446-47, 641 N.E.2d 395, 401-02

(1994).  Furthermore, public policy encourages the compensation of

victims.  University of Illinois, 234 Ill. App. at 358, 599 N.E.2d

at 1350.  Coverage in this case was established because State Farm

breached its duty to defend.

     We do not expressly find that arson was covered by State

Farm's policy.  We simply find that a potential for coverage under

the policy existed, thereby triggering State Farm's duty to defend. 

All of the cases cited by State Farm involve sexual abuse and other

intentional torts with expected consequences.  If Martin was

seeking coverage for intentionally caused injuries or to profit

from his arson involvement, no court would hesitate to find that

such coverage was beyond the intent of the parties.

     We find that no genuine issue of material facts exists, and

for the foregoing reasons, the judgment of the circuit court of

Madison County is hereby affirmed.

     Affirmed.

     CHAPMAN and WELCH, JJ., concur.

                                      NO. 5-95-0810

                                     IN THE

                          APPELLATE COURT OF ILLINOIS

                                 FIFTH DISTRICT

___________________________________________________________________________

STATE FARM FIRE AND CASUALTY       )  Appeal from the

COMPANY,                           )  Circuit Court of

                                   )  Madison County.

     Plaintiff-Appellant,          )

                                   )

v.                                 )  No. 93-MR-374

                                   )

GREGORY LEE MARTIN, SR.,           )

SCOTT LEWIS, as Special            )

Administrator of the Estate of     )

Timmie Lee Lewis, Deceased, and    )

ETHELYN J. GORHAM, Executrix of    )

the Estate of Gary Porter,         ) 

Deceased,                          )  Honorable

                                   )  David Herndon,

     Defendants-Appellees.         )  Judge, presiding.

___________________________________________________________________________

Opinion Filed:                  October 29, 1996

___________________________________________________________________________

Justices:      Honorable Clyde L. Kuehn, J.

                         

               Honorable Charles W. Chapman, J., and

               Honorable Thomas M. Welch, J.,

               Concur

___________________________________________________________________________

                         

Attorney       Stephen W. Thomson, Thomson & Behr, P.C., P.O. Box 538,

for            Edwardsville, IL 62025

Appellant      

___________________________________________________________________________

Attorneys      Joseph E. Hoefert, Hoefert & Perica, P.C., 1600 Washington

for            Avenue, Alton, IL 62002; John Long, 205 South Main Street,

Appellees      P.O. Box 209, Troy, IL 62294 (for Ethelyn J. Gorham)

               Samuel A. Mormino, Wiseman, Shaikewitz, McGivern, Wahl,

               Flavin, Hesi & Mormino, P.C., 3517 College Avenue, Alton, IL

               62002 (for Scott Lewis, as Special Administrator of the

               Estate of Timmie Lee Lewis, Deceased)

               Ralph J. Mendelsohn, Mendelsohn Law Offices, P.O. Box 3234,

               Alton, IL 62002 (for Gregory L. Martin, Sr.)

___________________________________________________________________________